IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMA I. GONZALEZ SANTOS, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO. 23-691 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                   November 30, 2023

Norma I. Gonzalez Santos ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's request for review is denied.

### I.     PROCEDURAL HISTORY[1]

On February 22, 2019, Plaintiff applied for DIB, alleging disability, because of physical impairments, that commenced on June 30, 2015.[2] Pl. Br. at 2; R. 512. The claim was denied, initially; therefore, Plaintiff requested a hearing. Pl. Br. at 2. On October 18, 2019, Plaintiff appeared before Michael J. Kopicki, Administrative Law Judge, for a hearing; Plaintiff and a vocational expert testified at the hearing. Id. On January 30, 2020, ALJ Kopicki, using the

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Statement of Issues and Brief in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), and the administrative record. ("R.").
[2] Plaintiff later amended her alleged onset date to July 5, 2017. R. 515.

sequential evaluation process for disability,[3] issued an unfavorable decision. *Id.* While awaiting the decision of the Social Security Administration's Appeals Council, Plaintiff filed a claim for Supplemental Security Income ("SSI"), on March 17, 2020. R. 512. The Appeals Council denied Plaintiff's request for review of her DIB claim, on August 5, 2020, making ALJ Kopicki's findings the final determination of the Commissioner. Pl. Br. at 2. Plaintiff then sought judicial review in this court; upon the Commissioner's motion, the case was voluntarily remanded to the Commissioner. *Id.* at 3.

Due to COVID-19 precautions, a new hearing was held by telephone, on January 18, 2022. R. 512. Plaintiff, represented by her current attorney, and vocational expert Denise D. Cordes ("the VE") testified at the hearing conducted by Administrative Law Judge Stuart Gauffreau ("the ALJ"). *Id.* Applying the sequential evaluation process for disability, the ALJ issued an unfavorable decision, on February 22, 2022. The Appeals Council denied Plaintiff's request for

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

review, on July 29, 2022, making the ALJ's findings the final determination of the Commissioner. R. 503-04. Plaintiff has again sought judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II. FACTUAL BACKGROUND

A. <u>Personal History</u>

Plaintiff, born in 1959, was 58 years old on her alleged onset date. Pl. Br. at 3. She has earned a GED, R. 541, and last worked in 2015, when she was laid off, because her job was transferred overseas. R. 544-45. Plaintiff lives with her husband, who has dementia; aides, who are present in the family home from 7:30 a.m. to 2:00 p.m. and 4:30 p.m. to 11:00 p.m., take care of all her husband's needs. R. 541, 547-48, 553-54.

B. <u>Plaintiff's Testimony</u>

At the January 18, 2022 administrative hearing, Plaintiff testified about her physical limitations. R. 540-55. She has lower back pain and back spasms that radiate down her leg. R. 545. Because of her back pain, Plaintiff sits with pillows and slants her body, so she is not sitting up straight; furthermore, she is unable to sit for more than 15 to 30 minutes without needing to walk around. R. 545, 550-51. She is able to stand for approximately 15 to 30 minutes. R. 545. Plaintiff has received numerous injections, administered to alleviate her pain, have offered only temporary relief. R. 545-46. Likewise, physical therapy she tried offered no pain relief. R. 546.

Plaintiff's pain impairs her concentration. R. 549, 552-53. Furthermore, her pain medications cause grogginess, dizziness, and sleepiness. R. 549, 552-53.

Plaintiff is unable to perform most household chore; fortunately, a helper volunteers to perform needed chores. R. 546-47. The only cooking she does for herself is to make a sandwich or microwave a meal; her husband's aides cook breakfast and dinner for both of them. R. 547-48.

Plaintiff is able to drive to the supermarket to purchase a few items; when a full week's worth of groceries are needed, she orders them online and has them delivered. R. 547.

Plaintiff moves very slowly; it typically takes her approximately 45 minutes to bathe, groom, and dress herself in the morning. R. 548. During the day, she checks emails and watches a little television. *Id.* When Plaintiff needs to lay down, she goes to bed, because it has a cast iron rail which helps her get out of bed; she is afraid she would not be able to get up, if she was lying down on the couch. R. 548-49.

C.  Vocational Testimony

The VE identified Plaintiff's past jobs as: (1) financial service customer service representative, a skilled[4] position, which she performed at the sedentary[5] level; (2) trust operations assistant, a skilled position, which she performed at the sedentary level; and (3) medical assistant, a skilled position, typically performed at the light[6] level, which she performed at that level. R. 556. The ALJ then asked the VE to consider a person of Plaintiff's age, education, and work experience, who was able to perform sedentary work, with additional limitations: occasional use of foot controls; frequent use of hand controls; frequent reaching; no climbing of ropes, ladders, or scaffolds; occasionally able to perform other postural activities; occasional exposure to unprotected heights, moving mechanical parts, extreme temperatures, humidity, and vibration. R. 556-57. The VE responded that this individual could perform Plaintiff's past jobs as a financial service customer service representative and trust operations assistant. R. 557. The VE stated that,

---

[4] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. … Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. §§ 404.1568(c), 416.968(c).
[5] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties." 20 C.F.R. §§ 404.1567(a), 416.967(a).
[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

although the two jobs did not allow for a sit/stand option, they could be performed, if an individual could stand and walk up to one hour in an eight-hour workday. *Id.* Finally, any employer of those two jobs would not tolerate an employee being off-task for more than 10% of the workday. R. 558.

Plaintiff's attorney asked the VE whether a person who could only stand or walk for two hours and sit for only six hours in an eight-hour workday could perform Plaintiff's past jobs. R. 559. The VE responded that this individual could not perform Plaintiff's past work or any other work. *Id.* Next, if a person missed three days of work per month, she could not perform Plaintiff's past work, or any other work. *Id.* Finally, if the individual needed to recline at a 45-degree angle while sitting, due to pain, she could not perform Plaintiff's past work. R. 559-60.

### III.   THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1. [Plaintiff] last met the insured status requirements of the Social Security Act on December 31, 2018.

2. [Plaintiff] has not engaged in substantial gainful activity since July 5, 2017, the amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. [Plaintiff] has the following severe impairments: obesity, degenerative disc disease (DDD) of the lumbar spine, and degenerative joint disease of the bilateral knees (20 CFR 404.1520(c), 416.920(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: Can stand and/or walk a total of no more than 1 hour in an 8-hour workday;

      occasional use of foot controls; frequent use of hand controls; frequent reaching; no climbing of ropes, ladders, or scaffolds; no kneeling or crawling; can perform other postural activities no more than occasionally; and occasional exposure to unprotected heights, moving mechanical parts, extreme temperatures, humidity, and vibration.

6. [Plaintiff] is capable of performing past relevant work as a financial service customer service representative (CSR) and trust operations assistant. This work does not require the performance of work related activities precluded by [Plaintiff's] residual functional capacity (20 CFR 404.1565 and 416.965).

7. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from June 5, 2015, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

R. 515-17, 525-26.

## IV.   DISCUSSION

A.   <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a

different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.    Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.        Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that Plaintiff could perform two of her past relevant jobs, hence, she was not disabled. R. 512-26. Plaintiff disputes the ALJ's decision and argues that the ALJ reversibly erred by: (1) finding that her diagnosed hip and ankle arthritis were not severe impairments; (2) rejecting her treating physician's opinions about her limitations; and (3) finding that she could perform her past relevant work, because he failed to properly evaluate her residual functional capacity ("RFC"). Pl. Br. at 5-26.

1. Plaintiff's Hip and Ankle Arthritis

Plaintiff argues that the ALJ erred by finding that her hip and ankle arthritis were not severe impairments. Pl. Br. at 6-9. However, when the ALJ explained that he found these impairments non-severe, he also noted that he was accommodating limitations caused by these diagnosed medical conditions by limiting Plaintiff to a reduced range of sedentary work with limitations on standing and walking, use of foot controls, and certain postural maneuvers. R. 515. This was proper, under the regulations. *See* 20 C.F.R. §§ 404.1523(c), 416.923(c) (explaining that an ALJ must consider non-severe impairments throughout the disability determination process). Furthermore, since the ALJ did not end this case at the second step of the sequential evaluation process ("SEP") and accounted for Plaintiff's non-severe hip and ankle arthritis throughout the SEP, any error in finding these two impairments non-severe at SEP step two was harmless. *Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007) (non-precedential). Hence, this argument does not require reversal.

2. Opinions of Plaintiff's Treating Physician, Andrew Poulshock, D.O.

Plaintiff argues that the ALJ erred because he failed to accept November 25, 2019 opinions rendered by her treating physician, Andrew Poulshock, D.O. Pl. Br. at 9-21. Those opinions

indicate, *inter alia*, that Plaintiff can only sit for four hours per day and stand or walk for two hours a day, would be off-task 20% of the workday, and miss more than three days of work per month. R. 492-93. When the VE was asked to consider these limitations, she opined that the off-task limitation would preclude Plaintiff's past employment; the limited sitting and walking and missed workdays were preclusive of any work. R. 558-59. Hence, if the ALJ accepted Dr. Poulshock's opinions, he would have found Plaintiff unable to perform her past work and, likely, disabled.

However, the ALJ declined to accept Dr. Poulshock's November 25, 2019 opinions because he found that the doctor did not support his opinions concerning Plaintiff's limitations, other than to mention bare diagnoses. R. 524. Additionally, the ALJ determined that the November 25, 2019 report Dr. Poulshock prepared was mostly a checked box form that did not include any rationales or medical findings to support his opinion. The ALJ properly applied the supportability standard. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (explaining that this standard looks to the medical evidence and supporting explanation(s) the medical source provides to support his opinions). When the ALJ considered consistency, he erroneously focused on Dr. Poulshock's treatment records, because the relevant regulations call for him to review whether the doctor's opinions are consistent with evidence from **other** medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). However, the ALJ properly applied the supportability standard, and, although he was not required to do so, 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), he noted that Dr. Poulshock is not a specialist in orthopedics. *See* 20 C.F.R. §§ 404.1520c(c)(4), 416.920c(c)(4) (explaining that a medical opinion from a specialist in his field can be more persuasive than an opinion from a non-specialist). Because the substantial evidence test requires merely more than a scintilla of evidence, *Biestek*, 139 S. Ct. at 1154, the ALJ's proper consideration of supportability and specialization constitutes substantial evidence to support his

conclusion and renders his error concerning consistency harmless. *See Rutherford*, 399 F.3d at 553 (noting that remand is not required to correct errors that would not affect the outcome of the case).

      3.  <u>Plaintiff's Past Relevant Work and Her RFC</u>

Finally, Plaintiff argues that the ALJ erroneously determined that she still could perform her past relevant work, because his assessment of her RFC was flawed. Pl. Br. at 21-25. Plaintiff argues that the ALJ's RFC assessment was flawed, because the ALJ failed to accept Dr. Poulshock's November 25, 2019 opinions about her limitations and should have included them in the hypothetical questions posed to the VE. *Id.* at 23. However, the ALJ provided an explanation for why he would not accept Dr. Poulshock's disabling opinions and this court has decided that there was substantial evidence to support the ALJ's conclusion in that regard. *See supra* Section IV(C)(2). Contrary to Plaintiff's argument, Pl. Br. at 23, an ALJ need not include all limitations that a Plaintiff alleges in a proper hypothetical question to a VE. Instead, for the hypothetic to be valid, the ALJ need only include those limitations that he finds credibly supported by the record. *Rutherford*, 399 F.3d at 554 (citation omitted). As noted above, the ALJ did that. Hence, his decision survives Plaintiff's final challenge.

      An implementing order and order of judgment follow.